T.C. Summary Opinion 2016-63

UNITED STATES TAX COURT

LAWRENCE L. COLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10022-13S.                    Filed September 27, 2016.

Lawrence L. Cole, pro se.

<u>Kirsten E. Brimer</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated February 4, 2013 (notice), respondent determined a deficiency in, and imposed an accuracy-related penalty with respect to, petitioner's 2010 Federal income tax. The issues for decision are whether petitioner is: (1) entitled to various deductions claimed on Schedule C, Profit or Loss From Business, and (2) liable for a section 6662(a) accuracy-related penalty.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in California.

Petitioner worked for United Parcel Service, Inc. (UPS), from 2003 to 2011. His wages from that employment totaled $85,960 during 2010.

While employed by UPS, in 2004 petitioner formed Winning at Life International, LLC (Winning), a single-member limited liability company.[2] Over the years petitioner offered electronic versions of various books for sale through

---

[1](...continued)
Code (Code) of 1986, as amended, in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The parties proceeded as though petitioner properly elected to treat Winning as a sole proprietorship for Federal income tax purposes.

Winning; but because the Schedule C included with petitioner's 2010 Federal income tax return shows no cost of goods sold, we assume that no books were sold by Winning during the year in issue. By that time, Winning had become what petitioner described at trial as a "membership site". We are not sure what that means, but during the year in issue petitioner was hired through Winning and was compensated for "two or three" speaking engagements although he claims that he attended and spoke at "50 or 60" events during that year.

Petitioner maintained a separate checking account for Winning (business checking account). He paid Winning's expenses by check from the business checking account and in cash. Petitioner hired Castle Bookkeeping Services (bookkeeping service) to compile monthly profit and loss statements, as well as a yearly profit and loss statement, for Winning using entries on the periodic statements from the business checking account. With respect to the expenses reported on the profit and loss statements, the bookkeeping service organized Winning's expenses according to various categories; and to the extent the bookkeeping service was unsure as to how to categorize an expenditure, it relied on petitioner's explanation for the expense. The profit and loss statements show whether the expense was paid by check from the business checking account or in cash and the date, the payee, the category of the expense, and the amount paid; but

they show no additional information as to the business purpose of the expense. In preparation for trial, petitioner prepared a schedule of Winning's expenses on which he included the date, the payee, the category of the expense, the amount paid, and the business purpose for each expense.

Petitioner's 2010 Federal income tax return was prepared by a certified public accountant (CPA) and filed on April 15, 2011. Income and deductions attributable to Winning are reported on a Schedule C[3] attached to that return and are based on the yearly profit and loss statement provided to the CPA by the bookkeeping service. The Schedule C for Winning shows $8,538 of gross receipts, and the following deductions:

| Expense | 2010 |
|---|---|
| Legal and professional services | $4,596 |
| Office | 1,827 |
| Travel | 3,120 |
| Meals and entertainment | 773 |
| Other[1] | 20,576 |

[1]Petitioner's return does not identify what specific expenses are included in the deduction for "other expenses".

In the notice and as relevant, respondent: (1) disallowed the deductions for legal and professional services, travel, meals and entertainment, and other

---

[3]See supra note 2.

expenses and (2) imposed a section 6662(a) accuracy-related penalty on several grounds, including "negligence or disregard of rules or regulations" and a "substantial understatement of income tax".  According to the notice, respondent disallowed the deductions claimed on the Schedule C because petitioner "did not establish that the business expense shown on * * * [his] tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to * * * [his] business."  Other adjustments made in the notice are computational and need not be addressed.

## Discussion

### I. Schedule C Business Expenses

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.[4]  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid

---

[4]Petitioner does not claim that the provisions of sec. 7491(a) apply here, and we proceed as though they do not.

or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business.  Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004).  To be ordinary the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  To be necessary an expense must be appropriate and helpful to the taxpayer's business.  Welch v. Helvering, 290 U.S. 111, 113 (1933).  The expenditure must be "directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-1(a), Income Tax Regs.  On the other hand, section 262(a) generally disallows a deduction for personal, living, or family expenses.

As a general rule, if a taxpayer provides sufficient evidence that the taxpayer has incurred a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, in order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Otherwise, any

allowance would amount to unguided largesse. <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957).

Deductions for expenses attributable to travel ("including meals and lodging while away from home"), entertainment, gifts, and the use of "listed property" (as defined in section 280F(d)(4) and including passenger automobiles, and for the year in issue, cellular telephones), if otherwise allowable, are subject to strict rules of substantiation. <u>See</u> sec. 274(d); <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. <u>See</u> sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

With these fundamental principles of Federal income taxation in mind, we consider petitioner's claims to the various deductions here in dispute.

A. Legal and Professional Expenses

Petitioner claimed a $4,596 deduction for legal and professional fees on the Schedule C for Winning. According to petitioner, that amount represents expenses paid for "Web design and graphic design for" Winning. According to respondent, petitioner has not established that the expenses were paid or shown that these expenses were "ordinary and necessary" to petitioner's public speaking business.

Petitioner offered printouts of his Web site as proof of the design expenses. Furthermore, petitioner provided the yearly profit and loss statement and the schedule of expenses to substantiate the amount he expended on Web design and graphic design. Under the circumstances, we find that the costs of Web design and graphic design were ordinary and necessary business expenses. See sec. 162(a). After a careful review of the evidence, and as best we can estimate from what has been submitted, we find that petitioner is entitled to a $4,000 deduction for legal and professional fees. See Cohan v. Commissioner, 39 F.2d at 543-544.

B. Travel Expenses

Petitioner claimed a $3,120 deduction for travel expenses on the Schedule C for Winning. According to petitioner, that amount represents expenses paid for traveling to conferences, including airfare, buses/taxis, and hotels as well as the cost of meals he incurred while traveling.[5] According to respondent, petitioner has not established that the travel expenses were paid or shown that they were "ordinary and necessary" to his public speaking business.

Travel expenses ("including meals and lodging while away from home"), if otherwise allowable, are subject to strict rules of substantiation. See sec. 274(d);

---

[5]Petitioner acknowledges that $1,571.34 of the travel expenses was for meals he incurred while traveling.

Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

Petitioner has not provided adequate substantiation to establish that he paid the travel expenses. See secs. 274, 6001; sec. 1.274-5(c)(2)(iii), Income Tax Regs. The yearly profit and loss statement, the schedule of expenses, and petitioner's testimony regarding the travel expenses, in the absence of any substantiating documents such as receipts or business checking account records showing that the travel expenses were paid, are not sufficient to corroborate the expenses reported on those documents. Because petitioner has not satisfied the substantiation requirements of section 274(d), we sustain respondent's disallowance of the travel expense deductions he claimed.

C. Meals and Entertainment Expenses

Petitioner claimed a $773 deduction for meals and entertainment expenses on the Schedule C for Winning. According to petitioner, the expenses he incurred for meals relate predominantly to meals he purchased while he was attending conferences. According to respondent, petitioner has not established that the meals expenses were paid or shown that these expenses were "ordinary and necessary" to petitioner's public speaking business.

As noted above, and as with travel expenses, expenses for meals and entertainment are also subject to strict rules of substantiation. See sec. 274(d); Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

Petitioner has not provided adequate substantiation to establish that he paid the meals expenses. See secs. 274, 6001; sec. 1.274-5(c)(2)(iii), Income Tax Regs. The yearly profit and loss statement, the schedule of expenses, and petitioner's testimony regarding the meals expenses, in the absence of any substantiating documents such as receipts or business checking account records showing that the meals expenses were paid, are not sufficient to corroborate the expenses reported on those documents. Moreover, petitioner's records with respect to the meals and entertainment expenses appear to be internally contradictory and unreliable. For those reasons, we sustain respondent's disallowance of the meals and entertainment expense deduction he claimed.

D. Other Expenses

Petitioner's return does not identify what specific expenses are included in the deduction for "other expenses". As best we can tell from the record, the deduction for "other expenses" includes: (1) $975 for accounting fees; (2) $1,056.89 for automobile expenses; (3) $941.42 for bank service charges;

(4) $1,531.99 for business meals not included in his travel or meals and entertainment expenses; (5) $260.95 for client development; (6) $626.74 for computer and Internet expenses; (7) $798.25 for credit card fees; (8) $97 for donations; (9) $159.79 for dues and subscriptions; (10) $5,368.93 for marketing; (11) $1,193.55 for networking; (12) $520 for outside services; (13) $1,208.41 for postage and delivery; (14) $1,081.55 for printing; (15) $1,884.50 for professional development; (16) $4,235.87 for telephone expenses; and (17) $5,350 for training.[6] According to petitioner, the other expenses represent expenses paid for ordinary and necessary business expenses for Winning. According to respondent, petitioner has not established that the expenses were paid or shown that these expenses were "ordinary and necessary" to petitioner's public speaking business.

### 1. Expenses Subject to Section 274

Expenses for meals and entertainment and passenger automobiles are subject to strict rules of substantiation. See sec. 274(d); Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., supra. Petitioner

---

[6]We consider all of the expenses reported on the yearly profit and loss statement, other than those for legal and professional services, office, travel, and meals and entertainment, to fall into the category of "other expenses". Consequently, the yearly profit and loss statement shows other expenses of $27,290.84, which, we note, exceeds the $20,576 deduction for other expenses reported on the Schedule C.

failed to substantiate expenses for automobiles and business meals in accordance with the strict rules of substantiation under section 274(d). Accordingly, we sustain respondent's disallowance of the other expenses to the extent it relates to the $1,531.99 and $1,056.89 deductions claimed for business meals and automobile expenses, respectively.

### 2. Expenses Not Subject to Section 274

Upon a review of the record, we find that petitioner failed to establish that the following expenses were ordinary and necessary: (1) client development expenses related to attending a Broadway musical with his speech coach and balloons and flowers for a client; (2) a donation to the Leap Foundation; (3) dues and subscriptions expenses related at least in part to petitioner's gym membership; (4) networking expenses related largely to "workout snacks for Winning at Life, LLC principal member to maintain a healthy and fit image from the stage and in print"; (5) professional development expenses related to clothing purchases for a "suit", "blazer" and "suit accessories"; and (6) telephone expenses. See sec. 262(a); see also Yeomans v. Commissioner, 30 T.C. 757, 767-768 (1958).

We further find that the following were ordinary and necessary business expenses of Winning: (1) accounting fees related to the bookkeeping service; (2) bank service charges for the business checking account; (3) computer and

Internet expenses related to Winning's Web site and email address; (4) credit card fees; (5) marketing; (6) outside services related to consulting services provided to Winning for "videography" and "video editing"; (7) postage and delivery; (8) printing; and (9) training. See sec. 162(a). After a careful review of the evidence, and as best we can estimate from what has been submitted, we find that petitioner is entitled to an $8,000 deduction for these expenses. See Cohan v. Commissioner, 39 F.2d at 543-544.

## II. Section 6662(a) Accuracy-Related Penalty

Lastly, we consider whether petitioner is liable for a section 6662(a) accuracy-related penalty. As relevant here, section 6662(a) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's: (1) negligence or disregard of rules or regulations or (2) substantial understatement of income tax.[7] Sec. 6662(a) and (b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement of income tax" includes an understatement of

---

[7]In this case the deficiency, underpayment of tax, and understatement of tax are all computed in the same manner. See secs. 6211, 6662(d)(2), 6664(a).

income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d)(1)(A); sec. 1.6662-4(b), Income Tax Regs. Respondent bears the burden of production with respect to the imposition of the section 6662(a) accuracy-related penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Petitioner failed to maintain adequate substantiating records for expenses underlying the deductions claimed on his 2010 return that are subject to the strict substantiation requirements of section 274. As a result, we find that respondent met his burden of production with respect to the negligence penalty relating to the portion of the underpayment that is due to the disallowance of deductions for those expenses.

Otherwise, to the extent that the deficiency and, correspondingly, the underpayment and understatement of income tax required to be shown on petitioner's 2010 return, exceeds $5,000, we find that respondent has also met his burden of production with respect to the imposition of a section 6662(a) accuracy-related penalty.

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown that the taxpayer acted with reasonable cause and in good faith with respect to that portion. Sec. 6664(c)(1). The determination of whether a

taxpayer acted in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioner bears the burden of proving that he had reasonable cause and acted in good faith with respect to the underpayment. See Higbee v. Commissioner, 116 T.C. at 449.

Reliance on professional advice will absolve the taxpayer if "such reliance was reasonable and the taxpayer acted in good faith." Sec. 1.6664-4(b)(1), Income Tax Regs. Under certain circumstances, a taxpayer's reliance upon professional advice may establish the taxpayer's "reasonable cause" and "good faith" with respect to an underpayment of tax if the taxpayer establishes that: (1) the professional was provided with complete and accurate information; (2) an incorrect return was a result of the preparer's mistakes; and (3) the taxpayer demonstrates good-faith reliance on a competent professional. See Estate of Goldman v. Commissioner, 112 T.C. 317, 324 (1999), aff'd without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000); see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Although his return was prepared by a paid income tax return preparer, the CPA prepared petitioner's return using the yearly profit and loss statement

provided to the CPA by the bookkeeping service. Apparently, none of the source documents underlying the deductions, such as the business checking account records, were provided to the CPA. Because petitioner did not furnish to the CPA complete and accurate information, he failed to establish that his reliance upon the CPA constitutes "reasonable cause" and "good faith" with respect to an underpayment of tax. Moreover, petitioner has failed to explain his failure to substantiate the expenses underlying the disallowed Schedule C deductions. Accordingly, petitioner is liable for a section 6662(a) accuracy-related penalty on the amount of the redetermined deficiency to the extent that respondent has met his burden of production as discussed above.

To reflect the foregoing,

Decision will be entered under Rule 155.